UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,        CRIMINAL CASE NO. 05-80355-1,2

v.

RICHARD BLANCHARD and        HONORABLE PAUL V. GADOLA
KAREN BLANCHARD,              U.S. DISTRICT JUDGE

                Defendants.
_____/

## ORDER

Husband and wife Defendants Richard and Karen Blanchard are charged in a twenty-three count indictment, returned on April 12, 2005, relating to alleged tax improprieties. Now before the Court are Defendants' motions to dismiss twelve of the twenty-three counts of the indictment due to the expiration of the statute of limitations and Defendants' motions to sever the trial.

**I.    Background**

Richard and Karen Blanchard, married in 1998, were owners and officers of a family underground excavating business, R. Blanchard Construction, Inc. The Blanchards operated the business out of their home from 1998 through 2002. On April 12, 2005, a federal grand jury returned an indictment against Richard and Karen Blanchard charging them with five counts of income tax evasion, in violation of 26 U.S.C. § 7201, for the years 1998 through 2002 (Counts 1-5); fifteen counts of willfully failing to truthfully account for and pay over withholdings of employment taxes, in violation of 26 U.S.C. § 7202, for the quarters ending on March 31, 1999 through December 31, 2002, excluding the quarter ending on September 30, 2002 (Counts 6-20); and three

counts of making and/or aiding and/or abetting false claims against the United States, in violation of 18 U.S.C. § 287 and 18 U.S.C. § 2, for calendar years 1999 through 2001 (Counts 21-23).

On December 27, 2005, Defendant Richard Blanchard filed a motion to sever the trial, [docket entry #15] arguing that a joint trial with his co-Defendant spouse would be unfairly prejudicial to his due process right to a fair trial. On December 29, 2005, Defendant Karen Blanchard filed a motion to sever the trial [docket entry #21], also arguing that a joint trial with her co-Defendant spouse would be unfairly prejudicial to her due process right to a fair trial.

Next, on December 30, 2005, Defendant Karen Blanchard filed a motion to dismiss Counts 6 through 17 [docket entry #27], arguing that the counts should be dismissed because they were brought after the relevant statute of limitations had expired. On January 3, 2006, Defendant Richard Blanchard filed a notice of joinder [docket entry #36] in Defendant Karen Blanchard's motion to dismiss.

## II.     Motion to Dismiss Counts 6-17 of the Indictment

### A.     Introduction

The Government alleges that for the fiscal quarters ending on March 31, 1999 through December 31, 2002, excluding the quarter ending on September 30, 2002, Richard and Karen Blanchard, as owners and officers of R. Blanchard Construction, Inc., deducted and collected federal income taxes and Federal Insurance Contributions Act ("FICA") contributions from the total taxable wages of their employees. Although Defendants deducted and collected those amounts, the Government alleges in Counts 6-17 that Defendants failed to truthfully account for and pay over the aforementioned amounts to the Internal Revenue Service, in violation of 26 U.S.C. § 7202.

### B. Legal Standard

Section 7202 of Title 26 provides,

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and **pay over such tax** shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7202 (emphasis added).

Although § 7202 sets forth the alleged violations by Defendants, 26 U.S.C. § 6531 sets forth the relevant statute of limitations for tax-related charges. Section 6531 provides a general statute of limitations period of three years for offenses arising under the internal revenue laws. However, when one or more of the exceptions expressly enumerated within § 6531 applies, a longer six year statute of limitations is applicable. Section 6531 provides,

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years–
>
> ***
>
> (4) for the offense of willfully failing **to pay any tax**, or make any return . . . at the time or times required by law or regulations;

26 U.S.C. § 6531 (emphasis added).

### C. Analysis

Defendants argue that under a proper reading of the applicable statutes the general three year statute of limitations applies to offenses under 26 U.S.C. § 7202. Therefore, the charges brought forth in Counts 6-17, relating to events that occurred before January 31, 2002, were not brought

3

within three years of the alleged offenses and should be dismissed.

The Government responds that Defendants' alleged failure to "pay over" the withheld employee funds under § 7202 was a failure "to pay any tax" under 26 U.S.C. § 6531(4). Accordingly, under the Government's application of § 6531(4) to Defendants alleged violations of § 7202, a six year statute of limitations applies. As a result, the Government argues that Counts 6-17 were timely alleged on April 12, 2005.

The issue as to whether the general three year statute of limitations or the six year statute of limitations of § 6531(4) applies to violations of § 7202 is a novel one in this Circuit. However, numerous other courts have examined the issue. The court in *United States v. Block*, 497 F. Supp. 629 (D. Ga. 1980) stated the issue succinctly: "The question presented is quite simply one of statutory interpretation. The question is: Does 26 U.S.C. § 6531(4), which establishes a six-year period of limitations for 'the offense of willfully failing to pay any tax,' apply to failure to 'pay over' third party taxes in violation of 26 U.S.C. § 7202?" *Block*, 497 F. Supp. at 632-33. Courts considering this question have reached different conclusions; some Courts have found that the general three-year statute of limitations applies, *see Block,* 497 F. Supp. 629; *United States v. Brennick*, 908 F. Supp. 1004 (D. Mass. 1995), however the overwhelming majority of courts have found that the six-year statute of limitations applies. *See United States v. Adam*, 296 F.3d 327, 332 (5th Cir. 2002); *United States v. Gilbert*, 266 F.3d 1180, 1186 (9th Cir. 2001); *United States v. Musacchia*, 900 F.3d 493, 499-500 (2d Cir. 1990); *United States v. Porth*, 426 F.2d 519, 522 (10th Cir. 1970); *United States v. Creamer*, 370 F. Supp. 2d 715 (N.D. Ill. 2005).

In support of the application of the three-year statute of limitations, Defendants argue that

the exception of § 6531(4), providing for a six year statute of limitations, does not use the term "pay over" but instead uses the term "pay any tax." Defendants contend that the term "pay,"used in § 6531(4), and the term "pay over," used in § 7202, are materially different and do not address the same action. Therefore, Defendants argue, a violation for failure to "pay over" taxes under § 7202 is not included in the six year statute of limitations exception for failure to "pay any tax" under § 6531(4). This Court disagrees.

When interpreting the text of any statute, consideration must begin with an examination of language of the statute itself. *Walker v. Bain*, 257 F.3d 660, 666 (6th Cir. 2001) (citing *Bd. of Educ. of Westside Cmty. Sch. v. Mergens*, 496 U.S. 226, 237 (1990)); *United States v. Bailey*, 228 F.3d 637, 638 (6th Cir. 2000)). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979).

Contrary to the statutory interpretation presented in the cases of *Brennick* and *Block*, the Court of Appeals for the Third Circuit examined the language of the statute in *United States v. Gollapudi*, 130 F.3d 66 (3d Cir. 1997), and concluded that the six year statute of limitations applied:

> Under a plain reading of this statute, we find it clear that violations of § 7202 are subject to a six-year statute of limitations under § 6531(4). Specifically, 26 U.S.C. § 7202 makes it an offense for an employer to willfully fail to "account for and pay over" to the IRS taxes withheld from employees. Given that § 6531 pertains to "failing to pay any tax," the District Court correctly found that **the failure to pay third-party taxes as covered by § 7202 constitutes failure to pay "any tax," and thus, is subject to the six-year statute of limitations under § 6531(4)**.

*Gollaapudi*, 130 F.3d at 70 (emphasis added)(citations omitted).

The Court finds the reasoning of *Gollapudi* and the other Circuits similarly deciding the issue persuasive; the Court rejects the reasoning of *Brennick* and *Block*. The plain language of §

5

6531(4) is sufficiently broad so as to encompass violations of § 7202. Defendants' argument that the two phrases are materially different and that § 6531(4) is not inclusive of § 7202 is not compelling. Although the terms are different, the Court finds that in the present context the failure to "pay over" taxes collected from an employee is a failure to "pay any tax" by the employer. The language of § 6531(4) setting forth an exception to the general three-year statute of limitations encompasses the language contained within § 7202 setting forth the violations under which Defendants are charged.

In holding that a six year statute of limitations applies to violations of 26 U.S.C. § 7202 this Court joins the chorus of courts that have already addressed this issue. *See United States v. Adam*, 296 F.3d 327, 332 (5th Cir. 2002) (finding that the Defendant had "not shown a persuasive reason for creating a split among the circuits on this issue, and because we believe the plain language of § 6531(4) encompasses § 7202, we conclude that the district court correctly determined that the six-year statute of limitations applies to § 7202."); *United States v. Gilbert*, 266 F.3d 1180, 1186 (9th Cir. 2001) ("Based on the holdings of the other three circuits, we find the six-year statute of limitations under § 6531(4) applies to § 7202."); *United States v. Musacchia*, 900 F.3d 493, 499-500 (2d Cir. 1990), *vacated on other grounds*, 955 F.2d 3 (2d Cir. 1990), *but reaffirmed by United States v. Evangelista*, 122 F.3d 112, 119 (2d Cir. 1997) ("[W]e hereby reaffirm the holding of the original *Musacchia* opinion that 'a six year statute of limitations applies to the offense defined by 26 U.S.C. § 7202' "); *United States v. Porth*, 426 F.2d 519, 522 (10th Cir. 1970) (finding that § 7202 was "clearly within the six-year exception to the general three-year statute of limitations of § 6531"); *United States v. Creamer*, 370 F. Supp. 2d 715 (N.D. Ill. 2005) ("[T]hese 'third party taxes' [*United*

*States v.*] *Block*, 497 F. Supp. at 632, are still taxes, and section 6531(4) clearly applies to 'any tax.' We would have to ignore the plain meaning of 'pay any tax' in order to exempt from its coverage withholding taxes, which, despite their method of payment, are still taxes that must be paid."), *partially vacated on other grounds*, Case No. 04-CR-281-1, 2006 WL 2037326 (N.D. Ill. Apr 04, 2006)).

Although Defendants advance several other thoughtful arguments relating to the statutory scheme and elaborate historical context of the statutory sections at issue in an effort to demonstrate that the general three year statute of limitations should be applied, because the plain meaning of the text is clear the Court need not delve into the other possible methods of interpretation. *See In re Kiefer*, 276 B.R. 196, 202 (E.D. Mich. 2002)(Gadola, J.).

### III. Motions to Sever Trial

Defendants Richard and Karen Blanchard have also moved this Court, by way of their December 27, 2005, and December 29, 2005 motions, to sever the trial. Defendants argue that a joint trial would be unfairly prejudicial to their respective due process rights to a fair trial.

#### A. Introduction

Neither Defendant disputes that they were properly joined with their co-Defendant in the indictment, pursuant to Federal Rule of Criminal Procedure 8(b). Both Defendants, however, believe the circumstances of this case warrant severance, pursuant to Federal Rule of Criminal Procedure 14(a). Defendant Karen Blanchard argues that she cannot receive a fair trial without severance. She argues that much of the evidence necessary to prove a "willful" failure to pay taxes will involve actions performed solely by Richard Blanchard; that there will be a "transference of

7

guilt" from Richard Blanchard to her, especially given that they are husband and wife; that a curative jury instruction would be insufficient to dissolve any possible jury prejudice or predisposition created against her; and that because the confidential communications privilege allows either spouse to prevent the disclosure of confidential communications made during the marriage, she will be unable to present a testimonial defense, antagonistic to husband, regarding her communications with him. Defendant Karen Blanchard also argues that because she will seek to present a testimonial defense that is antagonistic to her husband, she will be prejudicially forced to choose between exercising her right to testify on her own behalf and her right not to adversely testify against her husband. Defendant Richard Blanchard advances substantially similar arguments.

### B. Legal Standard

Federal Rule of Criminal Procedure 8 evinces a strong federal policy favoring joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992). Joint trials are favored because they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537.

Despite this strong preference for joint trials, Federal Rule of Criminal Procedure Rule 14 vests the district court with discretion to grant a severance or to "provide whatever other relief justice requires," if a defendant or the government is prejudiced by joinder. Fed. R. Crim. P. 14.[1]

---

[1] Federal Rule of Criminal Procedure 14(a) provides: **"**If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants'

Moreover, the district court's determination of prejudicial joinder questions is entitled to great deference upon review. *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995).

A defendant is not entitled to severance simply because a separate trial may enhance his chances for acquittal. *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (citations omitted). In this regard, the Sixth Circuit has consistently held that the assertion of different defenses by co-defendants does not alone require severance. *Id.*; United *States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980); *United States v. Vinson*, 606 F.2d 149, 154 (6th Cir. 1979). Moreover, the Sixth Circuit, in *United States v. Breinig,* 70 F.3d 850 (6th Cir. 1995), reaffirmed the principle articulated in *Zafiro* that "a mutually antagonistic defense is not prejudicial *per se*, and Rule 14 does not mandate severance on that ground as a matter of law." *Breinig*, 70 F.3d at 853.

In the present situation the burden is on Defendants to show that an antagonistic defense would present a conflict "so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *Warner*, 971 F.2d at 1196 (citations omitted). Moreover, "a defendant is not entitled to severance because the proof is greater against a co-defendant." *Warner*, 971 F.2d at 1196 (citations omitted). Instead, a severance should be granted under Rule 14 following proper joinder under Federal Rule of Criminal Procedure 8 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Breinig*, 70 F.3d at 853 (quoting *Zafiro*, 506 U.S. at 538; citing *United States v. Odom*, 13 F.3d 949, 958 (6th

---

trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

9

Cir. 1994)).

**C.    Analysis**

Defendants rely heavily on *United States v. Breinig*, 70 F.3d 850 (6th Cir. 1995).[2]  In *Breinig*, the defendant, Norbert Breinig and his former wife, Joan Moore, were charged with tax evasion in violation of 26 U.S.C. § 7201. The Government alleged that the defendants underreported the income they had earned through the family lawn-mowing and snow-plowing business.  After a motion to sever the trial was denied, the defendants were tried jointly.  At trial, Moore presented evidence of her diminished capacity in an attempt to negate "willful" *mens rea* required for a conviction of 26 U.S.C. § 7201.  Moore's assertion of such a defense required the introduction of highly prejudicial evidence of Breinig's bad character including evidence that Breinig was adulterous, mentally abusive, and manipulative.  This evidence of Breinig's bad character would not have been admissible against Breinig if he were tried alone.  At the conclusion of the jury trial, Breinig was convicted and Moore was acquitted.

The Court of Appeals for the Sixth Circuit reversed Breinig's conviction and sentence, concluding that it was an abuse of discretion to deny Breinig's pretrial motion for severance because "the jury's consideration of categorically inadmissible evidence was manifestly prejudicial and unfairly so." *Breinig*, 70 F.3d at 853.  In so holding, the Court recognized that Breinig's situation presented an "exceptional case" and limited its holding accordingly. The Court reaffirmed that the decision to deny severance rests within the discretion of the trial judge and that a mutually

---

[2]The Court notes that the attorney now representing Richard Blanchard is the same attorney that argued the case of *United States v. Breinig*, 843 F. Supp. 262 (E.D. Mich. 1994)(Feikens, J)*,* reversed by *United States v. Breinig*, 70 F.3d 850 (6th Cir. 1995).

antagonistic defense is not prejudicial per se for purposes of Rule 14. Because the evidence of bad character substantiating Moore's defense would not have been admissible against Breinig under any theory of the Federal Rules of Evidence in a trial for tax evasion, the Court found that Breinig had, in fact, carried the heavy burden of demonstrating that he suffered compelling and unfair prejudice as a result of the joint trial.

Following *Breinig*, this Court addressed a similar severance issue in *United States v. Lopez*, 915 F. Supp. 891 (E.D. Mich 1996)(Gadola, J.). *Lopez* involved two defendants charged with several offenses, including drug possession and conspiracy. Rene Cardona, one of the defendants, argued that he would be severely prejudiced in the eyes of a jury because his co-defendant, Sandra Lopez, intended to offer evidence in her defense that Cardona beat her and coerced her into committing criminal activity. Furthermore, Cardona argued that the prejudice would be magnified because Lopez may not testify, thus depriving Cardona of an opportunity to cross-examine Lopez on this element of her defense.

Following an initial hearing on the motion to sever in *Lopez*, Lopez volunteered to submit an affidavit outlining her proposed defense to the charges in the indictment. The Court then reviewed the submission, *in camera*, and determined that "the theory of coercion and the testimony that Lopez intends to introduce will expose Cardona to the same degree of prejudice which justified the reversal in *Breinig*." *Lopez*, 915 F. Supp at 901. The Court also found that the proposed evidence of physical abuse and coercion would be inadmissible against Cardona if he were tried alone and that there were no other less drastic measures that could sufficiently cure the substantial risk of prejudice. *Id.* Accordingly, the Court severed that trial.

11

Applying the above law to the instant facts, Defendants have been properly joined in the indictment and therefore bear the burden to overcome the strong presumption in favor of a joint trial. *United States v. Williams*, 711 F.2d 748, 751 (6th Cir. 1983). Though Defendants have indicated that they anticipate facing antagonistic defenses, mere antagonistic defenses alone are not enough. *Breinig*, 70 F.3d at 853 (6th Cir. 1995). *See also United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (finding that a defendant is not entitled to severance simply because a separate trial may enhance his chances for acquittal).

Nevertheless, "a single joint trial, however desirable from the point of view of efficient and expeditious criminal adjudication, may not be had at the expense of a defendant's right to a fundamentally fair trial." *United States v. Echeles*, 352 F.2d 892, 896 (D. Ill. 1965) (cited in *United States v. Wilson*, Case No. 82-1672, 1983 U.S. App. LEXIS 13203 at *4 (6th Cir. 1983)). A trial should be severed in instances when there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . ." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In the present case, at the conclusion of oral arguments on Defendants' motions to dismiss, the Court ordered Defendants to submit affidavits indicating whether they planned on testifying at trial and, if so, the substance of that testimony. The Court received affidavits from each Defendant and has reviewed those documents, *in camera*. *See Lopez*, 915 F. Supp. 891. Although Defendant Richard Blanchard indicated that he was unable to state whether or not he would testify at trial, Defendant Karen Blanchard indicated that she planned on testifying at trial on her own behalf. She also indicated that her testimony would be adverse to her spouse, co-Defendant Richard Blanchard.

It is a fundamental tenet of criminal law that every defendant has a right to testify on their

12

own behalf. *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975). In the present case, however, Karen Blanchard's desire to exercise that right is complicated by the fact that co-Defendants are married. Because Defendants are married, each spouse possesses the privilege not to be compelled to testify against one another in this criminal proceeding. *See Trammel v. United States*, 445 U.S. 40, 53 (1980). Consequently, faced with a joint trial, Karen Blanchard is presented with two options in the current case: (1) choose to exercise her right to testify on her own behalf and necessarily waive her privilege not to testify against her spouse, or (2) choose not to testify against her spouse but thereby forego her right to testify on her own behalf. Forcing a defendant into a "Catch-22," to choose one form of legal protection at the expense of the another, is inconsistent with the fundamental idea a fair trial. That is especially true when, as it is now, the dilemma facing can be minimized by a severance pursuant to Federal Rule of Criminal Procedure 14.

Therefore, considering all the facts in the present case including those presented in the motions, briefs, and *in camera* affidavits, following the guidance of the *Breinig* and *Lopez* cases, and taking into account the mutually antagonistic defenses planned and the adverse testimony Defendant Karen Blanchard plans on presenting against her spouse, although the Court recognizes that there is a strong federal policy in favor of joint trials of defendants who are indicted together for reasons of efficiency and minimization of inconsistent verdicts, *see Zafiro v. United States*, 506 U.S. 534, 537 (1993), the Court will exercise its discretion and sever the trial. *See* Fed. R. Crim. P. 14. Although the Government has deftly pointed out that a severance may not resolve all the difficulties associated with this trial of spouses, the Court finds that in the present case, the severance will minimize the prejudice to the Defendants.

**IV.     Conclusion**

**ACCORDINGLY**, for all the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss [docket entries # 27, 36] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants motions to sever [docket entries # 15, 21] are **GRANTED**.

**IT IS FURTHER ORDERED** that the trial of Defendant **Richard Blanchard** will commence on **Monday, August 6, 2007.**

**IT IS FURTHER ORDERED** that the trial of Defendant **Karen Blanchard** will commence on **Monday, August 13, 2007.**

**SO ORDERED.**

Dated: July 3, 2007                                         s/Paul V. Gadola
                                                                        HONORABLE PAUL V. GADOLA
                                                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   July 3, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Richard L. Delonis, Joseph Falcone, Robert E. Forrest  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   N/A                .

 s/Tammy Hallwood
Tammy Hallwood, Deputy Clerk
(810) 341-7845