UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 05-80355

Honorable John Corbett O'Meara

v.

KAREN BLANCHARD/SOMERO,

    Defendant.

_____/

# ORDER DENYING
# DEFENDANT'S MOTION TO REDUCE RESTITUTION TO ZERO

This matter came before the court on defendant Karen Blanchard/Somero's September 1, 2016 Motion to Reduce Restitution to Zero. The government filed a response September 26, 2016; and Defendant filed a reply brief September 28, 2016.

## BACKGROUND FACTS

Defendant Karen Blanchard[1] executed a Rule 11 plea agreement January 24, 2008, pleading guilty to failing to account for and pay withholding taxes. As part of her plea, she agreed to prepare and file correct tax returns for the years 1997 to 2003. In addition, she agreed to cooperate with the Internal Revenue Service ("IRS") to

---

[1] Defendant has changed her name to Karen Lesley Somero.

determine the correct liabilities owed for each year and to make satisfactory payment arrangements for all tax liabilities, including interest and penalties.

As part of her May 28, 2008 sentence, Defendant was ordered to pay $192,852.60 to the IRS, jointly and severally with Richard Blanchard, her then-husband and co-defendant. She was further ordered to serve a two-month period of incarceration, followed by a three-year period of supervised release, including a four-month period of home confinement. This court subsequently entered an order modifying the terms of the supervised release to terminate the condition of home confinement. More than eight years after her sentencing, Defendant now seeks an order reducing her restitution to zero, claiming that she is divorced from Richard Blanchard, that she is disabled, and that her only income is $889 per month in disability benefits.

## LAW AND ANALYSIS

Federal courts have no inherent power to award restitution; the court may order restitution only when and to the extent authorized by statute. United States v. Evers, 669 F.3d 645, 656 (6th Cir. 2012). In this case restitution was ordered pursuant to 18 U.S.C. § 3663, and Defendant did not appeal the imposition of restitution.

A restitution order is a final judgment. Title 18 U.S.C. § 3664(o) lists four circumstances in which a court may modify a restitution order. None of the four

applies here. First, this is not a motion to correct a technical, arithmetical or other clear error in the judgment; and Defendant was sentenced well outside the 14-day limit provided in Rule 35(a) of the Federal Rules of Criminal Procedure. Second, Defendant waived her right to appeal as part of her plea agreement and did not pursue an appeal after sentencing. Therefore, she may not appeal her sentence at this late date. Third, a restitution order may be amended to *increase* the amount upon a showing of additional losses to victims; however, there is no provision to decrease the amount of restitution.

Finally, the court may alter the restitution payment schedule upon finding a material change in a defendant's economic circumstances--presumably Defendant's reason for her motion. By its terms the provision permits modification of a restitution payment *schedule*; however, again this does not provide for amendment of the restitution order itself.

In this case there is no payment plan currently in place that would be subject to modification. Defendant is not making a payment for this debt; rather, the United States is administratively recovering the debt through the use of the Treasury Offset Program. The payment schedule imposed at sentencing required Defendant to make a monthly payment of $50 per month during her supervised release. However, once

that period ended, Defendant has failed to comply with the order and has failed to make even a single payment toward her restitution obligation.

The Treasury Offset Program is an administrative procedure designed to collect debts owed to the United States, and this court has no authority to review the operation of that program. Defendant's relief, if any, is through the Treasury Offset Program.

The court notes that Defendant claims her $889 per month in disability benefits leaves her no resources to pay her obligation. However, she has provided no information regarding her expenditures, savings, equity in assets or debts owed to other parties. Furthermore, she has failed to demonstrate how her current financial situation differs significantly from the time of her sentencing. Accordingly, the court will deny Defendant's motion.

## **ORDER**

It is hereby **ORDERED** that Defendant's September 1, 2016 Motion to Reduce Restitution to Zero is **DENIED.**

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Date: April 11, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 11, 2017, using the ECF system and/or ordinary mail.

                                                   s/William Barkholz
                                                   Case Manager